IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| Zouhair Hilal; aka Danny Hilal, | § | Case no. 05-36909 |
|   Debtor. | § | (Chapter 11) |

## **MEMORANDUM OPINION**

### Background

On February 4, 2005, the Debtor filed a case under chapter 11 before Judge Richard Schmidt of the Corpus Christi Division of the Southern District of Texas. Judge Schmidt subsequently entered an order transferring the case to the Houston Division. It is currently pending before Judge Wesley W. Steen.

Judge Steen entered a Case Management Order [docket no. 146] on May 17, 2005. Among other requirements, the Case Management Order requires the Debtor to produce all documents then available to him by 5:00 p.m. on May 25, 2005, and appear for a Rule 2004 examination on June 2 and 3, 2005. On May 17, 2005, the Debtor filed a Motion to Dismiss and Motion to Modify Case Management Order [docket no. 148]. This motion sought modification of the Court's requirements on document production and attendance at the Rule 2004 examination. On May 18, 2005, the Court held a hearing in this case and denied the Debtor's request to modify the Case Management Order. The Court then entered an Order Memorializing Document Production Requirements [docket no. 151], indicating that the Debtor shall make all reasonable efforts to produce the necessary documents by May 25, 2005 at 5:00 p.m., and shall produce all remaining documents by May 31, 2005 at 5:00 p.m. The Case Management Order was entered to assure the completion of necessary discovery prior to a hearing set in Judge Steen's Court for June 7, 2005.

On May 27, 2005, the Debtor filed a Motion to Stay Discovery [docket no. 163]. The motion alleges that discovery cannot proceed in this case because the Debtor has been hospitalized. It further alleges that the Debtor's attorney has not communicated with the Debtor since the Debtor's hospitalization. The motion alleges that the Debtor's illness prevented him from complying with Judge Steen's document production and will prevent compliance with the Rule 2004 examination deadlines. The Debtor also submitted supporting documents which the Court has sealed.

On May 31, 2005, this Court issued an Order Setting Hearing Regarding the Appointment of a Chapter 11 Trustee.[1] The Court held a hearing on this matter on June 1, 2005, and announced findings of fact and conclusions of law in open court pursuant to FED. R. BANKR.

---

[1] This case has been temporarily assigned to the undersigned for emergency purposes while Judge Steen is unavailable.

P. 7052(a). This Memorandum Opinion memorializes those findings of fact and conclusions of law and, where appropriate, supplements the announcements made on the record.[2]

This contested matter arises under Title 11 of the United States Code. Accordingly, the United States District Court has jurisdiction under 28 U.S.C. § 1334(b). Under authority granted by 28 U.S.C. § 157(a), the United States District Court for the Southern District of Texas referred all such proceedings to the bankruptcy judges for the district. This is a core proceeding as defined by 28 U.S.C. § 157(b). The bankruptcy judge may hear and may determine core proceedings pursuant to 28 U.S.C. § 157(b)(1). No party has objected to the exercise of core jurisdiction by the Bankruptcy Court.

### Findings of Fact

The Debtor is currently in violation of Judge Steen's Case Management Order and Order Memorializing Document Production Requirements. The Debtor claims an inability to comply with this order due to hospitalization prior to the order's May 31, 2005 deadline. On May 31, 2005, this Court issued an Order Setting Hearing Regarding the Appointment of a Chapter 11 Trustee. The Court issued this order *sua sponte* on limited notice—setting the hearing for June 1, 2005 at 3:00 p.m. At the June 1st hearing, representatives for the Debtor, the United States Trustee, the Internal Revenue Service, and other parties appeared. The major creditors and the United States Trustee supported the appointment of a chapter 11 trustee while other creditors recommended passing the matter until the June 7, 2005 hearing.

As indicated above, there is no reason to believe that the Debtor will be able to comply with the document production order prior to the June 7th hearing. Further, any compliance with the order prior to June 7th risks inadequate time for creditors, such as the Internal Revenue Service, to review the documents or the examination and prepare for the June 7th hearing.

At the June 1st hearing, the Debtor's counsel advised the Court that the Debtor's estate was operating without a fiduciary. Indeed, counsel advised that the Debtor had sole authority over all business operations, that no other person could locate the required documents, and that no other person had the necessary knowledge to participate in the Rule 2004 examination. Based on this statement, and the allegations in the Motion to Stay Discovery (including the sealed document), the Court concludes that the Debtor's estate may continue to operate without a fiduciary for the foreseeable future.

The Debtor's estate is primarily comprised of real estate employed as rental property. No evidence was offered regarding the condition of this property, the ability of the estate to collect its rental income, pay expenses, deal with emergencies, or otherwise manage the estate.

---

[2] To the extent a finding is a conclusion, it should be considered as such. To the extent a conclusion is a finding, it should be considered as such.

**Conclusions of Law**

Pursuant to §§ 105(a) and 1104(a) of the Bankruptcy Code, a court may *sua sponte* order the appointment of a chapter 11 trustee for cause after notice and hearing. *See In re Bilbo, Inc.*, 76 F.3d 256, 258 (9th Cir. 1996) *cert. denied* 519 U.S. 817 (1996). Section 1104 states:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee--
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor…

11 U.S.C. § 1104(a).

Initially, the Debtor challenges whether his due process rights have been violated by the limited notice on the Order Setting Hearing Regarding the Appointment of a Chapter 11 Trustee. "[N]otice and hearing" is defined by § 102(1)(a) to mean: "… after such notice *as is appropriate in the particular circumstances*, and such opportunity for a hearing *as is appropriate in the particular circumstances*." 11 U.S.C. § 102(1)(a) (emphasis added). This language requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14 (1950).

Under the circumstances, the Court concludes that an estate operating without a fiduciary necessitates action at the earliest practicable time. The Debtor's self-professed inability to act as a fiduciary to the estate is not a type of fact-intensive inquiry in which the Debtor needs to conduct discovery or other preparation. Indeed, the facts regarding the Debtor's incapacity have been brought to the Court's attention solely by the Debtor. The Debtor's only argument against hearing the matter on an emergency basis is that the Debtor may recover from his medical condition prior to June 7th hearing. While hopeful, the Court will not rely on mere speculation that the Debtor may recover as a justification for subjecting the estate to the immense risk imposed by the lack of a fiduciary to manage the estate's affairs. As indicated, there is no reason to believe that the Debtor will be able to comply with the document production order prior to the June 7th hearing, thus inhibiting the ability of the parties in interest to prepare for the June 7th hearing. Thus, passing this matter to the June 7th hearing and then proceeding without adequate time for the creditors to prepare is not an equitable result. Accordingly, under the exigent circumstances presented by the Debtor's incapacity, the Court finds that the Debtor received sufficient due process protection that is necessitated to protect the estate and the estate's creditors.

Courts are required to appoint a trustee under § 1104(a) "for cause." The appointment is mandatory if cause is found to exist. Such an imperative requires a determination of whether cause exists on a case-by-case basis. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989). According to the plain language of the statute, "cause" includes incompetence. 11 U.S.C. § 1104(a)(1). The Debtor has claimed that he is entirely incapable of managing the estate while hospitalized. It is this very reason why the Debtor has requested additional time to comply with the document production and Rule 2004 examination requirements, and why the Debtor has indicated that he may request a further continuance of hearings in the near future. However, courts are not permitted to appoint a trustee as a sanction for discovery misconduct. *Ngan Gung Restaurant, Inc. v. Official Committee*, 195 B.R. 593 (S.D.N.Y. 1996). In this case, the Court is not appointing a trustee in the present matter as any form of sanction, but rather for a protection for an "unmanned estate."

The Debtor's present and possible indefinite inability to serve as a fiduciary is uncontested. Thus, under § 1104(a)(1), the Court concludes that the Debtor's inability to manage the affairs of the estate and serve as its fiduciary is cause as contemplated by the statute. The Debtor lacks the ability to run the business at any level and has no one to serve in his place.

Alternatively, under § 1104(a)(2), the Court must consider "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate..." and appoint a trustee if such appointment is in their best interests. 11 U.S.C. § 1104(a)(2). The Court concludes that appointing a trustee in this case vastly reduces the risk of theft or fraud by current employees of the Debtor's business or the Debtor, and any potential negative effects from the Debtor's indefinite absence in management of the estate. While the Debtor claims that the status quo of the business operations is unproblematic, the Court concludes that managing real property poses ongoing risks and responsibilities requiring oversight by a person with the authority to respond.

The Court fails to identify any significant risk in appointing a trustee, while contemplating multiple dangers in allowing the estate to continue without a fiduciary to protect the interests of the parties enumerated in § 1104(a)(2). The appointment of a trustee is therefore warranted under § 1104(a)(2)—and mandated under § 1104(a)(1).

Signed at Houston, Texas on June 2, 2005.

MARVIN ISGUR
United States Bankruptcy Judge