IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 05-36909-H2-11 |
| ZOUHAIR HILAL a/k/a § | |
| DANNY HILL § | |

**MEMORANDUM AND ORDER**
**IMPOSING CORRECTIVE SANCTIONS (Doc. # 248)**

In a Motion to Show Cause (docket # 248), the Chapter 11 Trustee asked the Court to require Messrs. Sheldon Baum, Douglas Baum, and Brian Baum (the "Baums") to identify the creditors that they represent in this case and to explain the basis on which they represent those creditors. The Trustee also asked the Court to sanction the Baums for their conduct in this case. The Trustee contends that the Baums are engaged in a continuing pattern of improper conduct, citing a decision by Judge Hughes reported at 256 F. Supp. 2d 661 (S.D.Tex. 2002) ("Judge Hughes' Order"), *aff'd in part and rev'd in part* 93 Fed.Appx. 643, 2004 U.S. App. Lexis 6063 (the "Fifth Circuit Opinion"). After review of the Trustee's motion and attachments, review of responses filed by Sheldon Baum and Brian Baum, and a hearing conducted on August 5, the Court concludes that the parallel between the Baums' conduct in Judge Hughes' case and their conduct in this case is so close, and the Court concludes that the potential for misleading parties in interest in this case is so great, that the Court imposes limited sanctions and prohibitions of a corrective and prophylactic nature as set forth below.

**FACTS**

**Judge Hughes' Order and the Fifth Circuit Opinion**

Judge Hughes' Order, as summarized by the Fifth Circuit, sanctioned Messrs. Sheldon Baum, Brian Baum, and Douglas Baum for "filing a frivolous lawsuit and for their egregious conduct in the district court."  Judge Hughes found that the Baums had, by misrepresentation, "recruited four people to join" a federal lawsuit against a state court receiver who had been appointed to unwind a ponzi scheme.  The state court receiver had paid defrauded investors about 63% of their claims, but the Baums convinced the defrauded investors that they could get more by suing the receiver.  Not only did Judge Hughes sanction the Baums, he also sanctioned the plaintiffs recruited by the Baums for cooperating with the Baums without independent inquiry and analysis.  The Baums recruited those plaintiffs with a solicitation letter that misrepresented facts.  Judge Hughes found that the allegations of the lawsuit were not only baseless, they were sanctionable, severely sanctionable.  In addition, Judge Hughes found that the Baums had been guilty of substantial untruth. Specifically, Judge Hughes' Opinion states that "Sheldon Baum's relationship to the truth is pathological" and "Brian Baum ... would not--could not perhaps--tell the truth."  (256 F. Supp. 2d at 665.)  Finally, Judge Hughes found that Brian Baum " ... violated the proper legal practice when he prepared pleadings for laymen to file as if they had prepared them themselves" (256 F. Supp. 2d 665, *i.e.* "ghostwriting").  The Court of Appeals for the Fifth Circuit affirmed in substantial part (although it reduced part of the sanctions.)

**The Instant Facts**

The Court finds striking similarities between Brian Baum's and Sheldon Baum's course of conduct in Judge Hughes' case and their conduct in this case. The Court finds related misconduct by Douglas Baum.

Despite the Court's rigorous questioning, Sheldon Baum and his attorney have failed to provide a clear explanation of Sheldon Baum's interest in or relationship to this case. At a prior hearing, Sheldon Baum said that he was a secured, judgment creditor of this estate. But he could not, or would not, clearly identify his claim.[1] In his response to the Trustee's motion to show cause and for sanctions,[2] Sheldon Baum stated that he is a judgment creditor, but again gave no details. In his Amended Response (docket # 293), he states that he is a creditor (not asserting a judgment or lien). At the August 5 hearing, the Court continued the inquiry, and still could not get a satisfactory answer. Sheldon Baum's attorney and his son (Brian) had different explanations. Brian Baum stated that his father had purchased part of the Gatpandan judgment, but Mr. Jim DeFoyd, the attorney for both the Gatpandan's *and* Sheldon Baum, denied any knowledge of that purchase.[3] Mr. DeFoyd stated that he thought that Sheldon Baum "represented some other creditors" (Hearing Recording at 3:29:00 *et seq.*) Sheldon Baum has not filed a proof of claim in this case and is not listed in the Debtor's schedules. The Court concludes that Sheldon Baum

---

[1] Part of that hearing is transcribed in Exhibit A to docket # 293, but the direct inquiry concerning Sheldon Baum's claim to a judgment was not transcribed.

[2] Docket # 267, paragraph 3.

[3] *See also* Letter from Jim L. DeFoyd to Sheldon Baum, attached as Exhibit A to docket # 248. The Gatpandan proof of claim (proof of claim # 13) does not disclose a Sheldon Baum purchase.

does not have a direct relationship to this case as a creditor. The Court concludes that Sheldon Baum is attempting to represent "investors" who want to lend money to the estate and that Sheldon Baum is trying to organize creditors of the estate to support a chapter 11 plan that would allow his "investors" to pursue their business proposal.[4] The Court will not address, in this opinion, whether Sheldon Baum is providing or is attempting to provide services that constitute the practice of law. Sheldon Baum is, however, obfuscating or intentionally misleading the Court by asserting that he is a secured, judgment creditor of this estate.

The participation in this case by Brian Baum is equally troubling. At the August 5 hearing, he stated that he was not representing parties in this case but was merely acting as a legal assistant for attorney DeFoyd. Mr. DeFoyd acknowledged that relationship only reluctantly after direct and persistent questioning from the Court. But although Brian Baum admits that he is not authorized to practice law in Texas, and although he admits that he is not currently admitted to practice before the U.S. District or Bankruptcy Courts for the Southern District of Texas,[5] he is using stationery that implies that he is. He is misleading creditors in this case with that stationery. His letter dated June 21, 2005,[6] ( the "June 21 Letter") written to "Attorneys for Creditors" in this case, states that he is an attorney at law and that he is admitted to the bar of the Southern District. The letter explicitly represents that he is admitted to practice in Pennsylvania, but it does not disclose that he is not admitted to practice in Texas, even though the letter gives *only* a Texas

---

[4] See discussion below of Sheldon Baum's Amended Response to Trustee's Motion to Show Cause (docket # 293).

[5] Docket # 267.

[6] Exhibit A to docket # 248.

address.  The letterhead is simply false in part (with respect to admission to the bar of the Southern District) and is misleading in part (with respect to whether he is licensed to practice in Texas).  Letters from creditors' counsel Betty Stovall Clark and "Butch" Cersonsky indicate that they concluded that Brian Baum was acting as an attorney in Texas in matters related to this case.[7]

There is an analogue in this case to the misleading solicitation letter in Judge Hughes' case.  In the June 21 letter, Brian Baum states:

> I am working with attorney Jim L. DeFoyd ....  We have received letters from ... creditors [who] hold the largest block of claims against the debtor's estate, other than the IRS. ... My law practice has solely been collecting money for creditors in bankruptcy cases ....  I will monitor this case, attend every hearing, and report to you as to anything and everything transpiring in this case.  As of this date, Mr. Hilal's bankruptcy appears in shambles.  [The letter then suggests a course of conduct to resolve the case which involves Messrs. Baum instead of the bankruptcy trustee in the lead role.]  As always, please do not hesitate to call Jim DeFoyd ... or myself ... if you have any questions or concerns.

At the hearing on August 5, Mr. DeFoyd stated that he did not authorize Brian Baum to send that letter.

In his Amended Response (docket # 293) to the Trustee's Motion to Show Cause, Sheldon Baum stated that he has been successful in assembling creditors into a creditors committee and that he has " . . . circulated a Preliminary Outline of a reasonable and realistic Chapter 11 Plan of Liquidation whereby <u>investors</u> <u>of</u> <u>Mr.</u> <u>Baum</u> would contribute $4,000,000 to be secured by vacant real properties . . . in the interest of settling this case . . . " [emphasis supplied].  That document does not meet the fundamental requirements of the Bankruptcy Code,

---

[7] Exhibit A to docket # 248.  The letters were addressed to "Brian Baum, Attorney" at his Texas address, with respect to matters related to this case.

especially 11 U.S.C. § 1125.[8] The Preliminary Outline is not a factually or legally viable Chapter 11 Plan of Liquidation. It also probably is not reasonable, although the Court defers on that issue. While a Preliminary Outline may not be an outright solicitation of acceptances or rejections of a chapter 11 plan, it is very close. Transmitting the Preliminary Outline to creditors was deceptive.

Finally, at the hearing on August 5, documents attached to the Trustee's Motion to Show Cause, and not denied by Douglas Baum, indicate that he has posted notices that are deceptive in that they suggest that a notice of tax lien has been posted by the IRS related to property that is, or may be, claimed by the estate. Counsel for the IRS announced in Court that the IRS had not authorized the notices and that the Department of Justice was investigating the matter to determine whether the notices violate federal law.

## CONCLUSIONS AND ORDER

Both in Judge Hughes' case and in this one, the Baums had no apparent connection to the parties or to the events until after the filing of legal proceedings. The Baums injected themselves into both cases by recruiting, or seeking to recruit, defrauded creditors. The Baums recruit by asserting that the efforts of the receiver (trustee) are insufficient. In Judge Hughes' case, the Baums promoted a suit against the state court receiver. In this case, the Baums seek to bypass the efforts of the bankruptcy trustee to promote a proposal that apparently is designed to benefit the Baums.

Brian Baum's letter to creditors, Douglas Baum's notices posted on property related to

---

[8] Bankruptcy Code § 1125 provides that acceptances or rejections of chapter 11 plans may not be solicited unless an approved disclosure statement is sent to creditors and parties in interest. Before it is sent to creditors the Court must determine that the disclosure statement contains "adequate information."

the estate, and Sheldon Baum's Preliminary Outline of a chapter 11 plan of reorganization are a continuation of a pattern of conduct identified by Judge Hughes that are materially misleading to creditors and parties in interest in this case. The Court concludes that the following corrective sanctions are appropriate at this time, but reserves imposition of more severe sanctions if the pattern of conduct does not stop.

**THEREFORE, IT IS ORDERED** that Sheldon Baum, Brian Baum, and Douglas Baum are required to seek legal advice concerning the limits of § 1125 and are further ordered not to exceed those limits. It is further

**ORDERED** that a copy of this order shall be transmitted to all parties in interest in this case to admonish them that Rule 9011 of the Federal Rules of Bankruptcy Procedure requires care in the preparation and filing of pleadings and authorizes sanctions for violation of that rule and that intentional interference with the administration of this case by publication of false statements may result in an action for damages. It is further

**ORDERED** that the Baums are ordered not to interfere with the administration of this bankruptcy estate, including without limitation the publication of misleading information regarding tax liens and/or lis pendens and the publication of false or misleading documents concerning the estate. It is further

**ORDERED** that to minimize creditors being misled by the documents already circulated by the Baums, the trustee shall promptly mail to all creditors and parties in interest copies of each this Order, Judge Hughes' Order, and the Fifth Circuit Opinion,. It is further

**ORDERED** that the Clerk of Court shall forward this Memorandum and Order to the

District Court for consideration of matters related to Judge Hughes' case and for such further action as that court deems appropriate.

SIGNED   August 22, 2005

_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE