IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 05-36909-H2-11 |
| ZOUHAIR HILAL a/k/a DANNY HILAL | § | |

**MEMORANDUM OPINION,
FINDINGS OF FACT AND CONCLUSIONS OF LAW,
ORDER DENYING CERTAIN OBJECTIONS TO CONFIRMATION, AND
ORDER SETTING DATE FOR PRESENTATION OF ORDER CONFIRMING PLAN**

These findings and conclusions supplement the statements made orally on the record at the conclusion of the plan confirmation hearing on June 21 and at the oral argument on June 22.

For reasons set forth in more detail below, the Court finds that disclosure previously made under § 1125 provided adequate information about the plan, notwithstanding the modifications made in the Second Amended Plan, the modifications proposed in open court on June 21 and 22, and the modifications proposed in this memorandum. Those modifications are immaterial and do not adversely change the treatment of the claim of any creditor or the interest of any equity security holder. Therefore, acceptances received prior to the modification shall be effective notwithstanding the modification. The Chapter 11 Trustee ("Trustee") persuaded the Court that the requirements of Bankruptcy Code § 1129 are met with respect to the Chapter 11 Trustee's Second Amended Plan of Reorganization, conditional on amendment of the plan as provided herein.

BACKGROUND

Through limited liability companies ("LLC's") Debtor was in the business of buying, selling, financing, and leasing real property in Harris County, Texas. Debtor, or his entities, purchased many or most of the properties at tax sales or other executions.

Debtor was the defendant in a number of lawsuits, including a suit by Johnny Bailey, Cassandra Bailey, and Ruby Ford in which a judgment was rendered against Debtor. Execution was obtained on the judgment. The judgment creditors (or their assignee(s), hereafter "Riner") purchased Debtor's interest in some of the LLC's at the constable's sale.

Debtor and Riner engaged in substantial litigation about the constable's sale. Debtor contended that the constable's sale was void; Riner attempted to obtain control of the assets of the LLC's that he contended he had purchased. That litigation proceeded for some time in state

court, and then Debtor filed this bankruptcy case. After that, the litigation went forward in the bankruptcy court.

Debtor filed this bankruptcy case in the Corpus Christi division of this court. After substantial and contentious litigation, venue was transferred to the Houston division.

The litigation in the bankruptcy court continued to be contentious. On June 1, 2005, Judge Isgur (sitting on an emergency basis for the undersigned judge who was out of town) found that Debtor had violated the Court's case management order and Judge Isgur ordered the appointment of a trustee.[1]

Debtor failed to turn over books, records, and assets to the trustee, so Judge Isgur issued an arrest warrant.[2] The Chapter 11 Trustee eventually obtained possession of corporate books, records, and assets, but only with the assistance of the U.S. Marshal on Court order.

The Chapter 11 Trustee substituted for Debtor in the Riner litigation. Riner contended that he owned all assets of the LLC's, and the trustee took Debtor's position that the constable's sales were void. Eventually, the Chapter 11 Trustee and Riner settled, and that settlement was approved by the Court. Debtor has filed an appeal of that order.

Debtor maintained inadequate books and records and operated his businesses in a way that gave rise to a substantial number of lawsuits and disputes with individuals with whom he did business. The trustee has spent a great deal of time reconstructing records, filing delinquent tax returns, and generally trying to determine the assets and liabilities of the businesses, and resolving those disputes. Substantial additional detail concerning the Debtor's business operations and the events in this case can be found in the Chapter 11 Trustee's Second Amended Disclosure Statement[3] approved by the Court on April 18, 2006.[4]

The considerations required in the Riner settlement have been paid and the Chapter 11 Trustee is now the sole manager of the LLC's, uncontested by Riner. The Chapter 11 Trustee employs three people to operate the LLC's.

---

[1] Docket ## 174, 176.

[2] Docket # 203.

[3] Docket # 506.

[4] Docket # 511.

After consummation of the Riner settlement, the principal assets of the estate are the LLC's. The LLC's own about $10 million of real estate, valued by reference to HCAD[5] values. The LLC's also own about $6 million in notes receivable; these are notes from individuals that involve substantial effort to service and to collect. The Chapter 11 Trustee has about $5 million in cash, not including escrows. Debtor has asserted that his relatives own about 10% of the LLC's, but the relatives have not yet asserted that claim. The Chapter 11 Trustee reports that he can find no documentation that would support their claim to an interest in the LLC's and the Chapter 11 Trustee intends to litigate any claim that they might assert.

The principal creditor in this case is the United States, Internal Revenue Service ("IRS").[6] Prior to filing the bankruptcy case Debtor had not filed tax returns, ever. The IRS has filed a proof of claim asserting a claim of about $9 million for tax years 1993 to 1997; that claim is recognized in a Tax Court judgment. The IRS further claims about $14 million in tax penalties, and interest for tax years 1998 to 2004. Finally, the IRS has filed a proof of claim for 2005 taxes of about $1.5 million. In the last few months, Debtor filed tax returns for years prior to 2005, but has not filed a 2005 tax return. Debtors tax returns assert a tax liability substantially less than the IRS claim. Debtor is pursuing an objection to the IRS claim.

The plan is exceptionally simple. A plan agent is appointed. The plan agent serves as managing agent of the LLC's and in that capacity collects and services the notes and sells real property while the amount of the IRS claim is adjudicated. When the IRS claim is liquidated and all claims are paid, the remainder of the property will be delivered to Debtor.

PLAN CONFIRMATION

A.   Objection of Taxing Authorities Withdrawn and Denied.

The ad valorem taxing authorities filed an objection to plan confirmation. The Chapter 11 Trustee made a technical correction to the plan. The taxing authorities have not prosecuted their objection after the proposed amendment. Counsel for the Chapter 11 Trustee stated that the taxing authorities had authorized her to report that their objection was withdrawn. In any event, it is denied for want of prosecution.

---

[5] Harris County Appraisal District.

[6] Other creditors are ad valorem tax authorities, and less than $750,000 of other claims (excluding the Riner claim that has been settled and the claims that have been withdrawn.

B.  **Debtor's Objections Have Been Resolved, Are Resolved By This Order, Or Are Overruled.**

The only other objections to confirmation of the plan were filed by Debtor. Those objections were heard at the confirmation hearing on June 21. At the conclusion of that hearing, the Court made a number of oral findings and conclusions and the Chapter 11 Trustee offered to amend the plan to address both Debtor's concerns and the Court's concerns. Both counsel agreed (i) that evidence on plan confirmation was closed, (ii) that they would review the Chapter 11 Trustee's plan modifications to determine whether those modifications had resolved all of Debtor's concerns, and (iii) to return to the Court on the following day either for Debtor to withdraw his objections or for both counsel to give oral argument on confirmation.

On June 22, counsel for the Chapter 11 Trustee presented a proposed form of order that would confirm the chapter 11 plan (the "Proposed Confirmation Order"). The Proposed Confirmation Order included the additional modifications that the Chapter 11 Trustee proposed in order to resolve Debtor's objections as articulated in Debtor's written objection to confirmation[7] as well as those stated in open court on the prior day. However, counsel announced that agreement was not reached. Therefore, the Court heard oral argument on plan confirmation. Debtor's counsel stated that the Debtor's remaining objections to plan confirmation were as follows:

1. **Debtor should be substituted for the Plan Agent if liquidation of assets and payment of debts is accomplished prior to decision on Debtor's appeal of the Riner settlement.**

The Chapter 11 Trustee has no objection to an amendment that would so provide. Therefore, plan confirmation is conditioned on the Chapter 11 Trustee modifying the plan to add the following sentence to the proposed Article 13.7 of the Plan as stated in paragraph 1(t) of the Proposed Confirmation Order:

> If and when the Plan Agent returns to Debtor the remaining Assets and Available Cash under Article 5.7 of this plan, the assets returned to Debtor shall be deemed to include any right that the Plan Agent may have on account of reversal of the order approving the compromise with Riner.

---

[7] Docket # 548.

2.     **Debtor should receive notices provided to the Post Confirmation Committee.**

The Court agrees with Debtor. Therefore, plan confirmation is conditioned on the Chapter 11 Trustee modifying the plan to add the following additional paragraph, or a reasonable equivalent, at the appropriate place in the plan:

> The Plan Agent must provide to Debtor a copy of all notices, reports, and pleadings provided to the Post Confirmation Committee. Providing a copy of a notice, report, or pleading to Debtor does not give Debtor any right to object or to seek relief with respect to the conduct, transaction, or information related to the document unless Debtor has a right to object or to seek relief under the provisions of the Plan or applicable law. Notice to Debtor is effective on mailing the notice to _____[address]_____ or such other address as Debtor may serve on Plan Agent in a reasonable manner and at reasonable times.

3.     **The estate should not be liquidated until the IRS claim is determined.**

The Debtor's business involved purchases of real property at execution sales, sales of that real property, and continuing lending activity. The plan agent cannot and should not continue to purchase property, make loans, and generally build the business. Therefore, by the nature of the business, liquidation occurs when sales of "inventory" occurs and collections of notes are made but new purchases of real property are not made and new loans are not made. Debtor is free, under the plan, to build a competing business, and evidence from other hearings in this case suggests that he may be doing that with the cooperation of family members.

The Debtor has offered no evidence of harm that would result from liquidation of the estate prior to liquidation of the IRS claim. Debtor cites no legal authority for the proposition that liquidation of assets in anticipation of payment of a claim is inappropriate. The Bankruptcy Code requires the Court to confirm a chapter 11 plan if the confirmation requirements of Bankruptcy Code § 1129 are met. The Debtor had an opportunity to file a competing plan and did not.

Essentially, Debtor asserts that it is not equitable to liquidate the estate until the IRS claim is established. The Court may not reject the vote of creditors merely on Debtor's preference. But even if the Court could, it would not exercise its discretion to do so. Debtor has had the opportunity, since 1993, to file tax returns and to pay taxes. It is simply too late to plead for further delay. In addition, Debtor's conduct in this case is the antithesis of clean hands. Debtor cannot ask the Court to exercise equitable powers for his benefit.

This objection is overruled.

4.  **Debtor should receive notice when the Post Confirmation Committee Receives Notice.**

This issue is addressed and resolved in # 2 above.

5.  **The language providing a "release" in Article 7.5(d) is confusing.**

The trustee has deleted language that would protect him from liability for gross negligence or willful misconduct.[8] Paragraph 7.5(d) limits the Plan Agent's liability to obligations set out in the plan. The Plan Agent will have no liability, and will be indemnified against any cost, damage, or expense, related to Debtor's obligations that are not imposed on the Plan Agent under the Plan. The Court finds that the paragraph is not confusing.

The Court further finds that this provision, as well as the exculpation provisions in paragraph 13.2 as proposed in the June 22 Proposed Plan Confirmation Order and the release in Article 13.4[9] are necessary and appropriate under Bankruptcy Code § 105 to effect and to implement the plan and the order confirming the plan. As indicated above (*see* "Background") this case has been exceptionally contentious and litigious. It is one of very few cases in which the Court has been required to order the Debtor's arrest and to require the services of the U.S. Marshal to deliver records and property of the estate. The condition of Debtor's records and businesses create substantial risk with respect to Debtor's liability. The exculpation and indemnifications do not include gross negligence or willful misconduct. The provisions, therefore, are necessary, appropriate, and reasonably limited: In re *WCI Cable*, 282 B.R. 457 (Bankr. D.OR 202).

6.  **Debtor prefers to have the Plan Agent paid on an hourly basis instead of on the fee structure established in the plan.**

Although this is a liquidating plan, the proposal is to pay the Plan Agent a fee on the formula used by the Bankruptcy Code for payment of chapter 7 trustees. Debtor would prefer an hourly rate.

All evidence at the hearing was that an hourly rate would be more expensive, and thus disadvantageous to creditors and to Debtor who is entitled to the residuum of the assets. The

---

[8] *See* Trustee's plan confirmation hearing Exhibit 3.

[9] A copy of that proposed form of order is attached to this opinion since it was not filed into the record by the Chapter 11 Trustee.

evidence was credible and persuasive. The Court finds that the method that the plan proposes for compensating the Plan Agent is in the best interests of the estate.

Debtor has offered no evidence that an hourly rate would produce a lower fee or would otherwise be preferable. The Debtor cites no legal authority that gives him the right to a fee structure different from the one proposed in a plan approved by creditors. The Bankruptcy Code requires the Court to confirm a chapter 11 plan if the confirmation requirements of Bankruptcy Code § 1129 are met. The Debtor had an opportunity to file a competing plan and did not.

The Court may not reject the vote of creditors merely on Debtor's preference. But if the Court did have that authority, the Court would not exercise its discretion to do so. The Debtor's conduct in this case is the antithesis of clean hands. Debtor cannot ask the Court to exercise equitable powers for his benefit in this way.

This objection is overruled.

7.   **Debtor should have a right to notice and approval of professional fees.**

The Court has previously provided for the notice.[10] The Court agrees that Debtor should have a right to object and to be heard on allowance of professional fees for the Plan Agent. Therefore, plan confirmation is conditioned on the Chapter 11 Trustee modifying the plan to add the following sentence to Article 7.8(b) of the Plan:

> The Post Confirmation Committee and Debtor my file a motion with the Bankruptcy Court for review of fees and expenses that the Plan Agent proposes to pay to his professionals. Payment by the Plan Agent may not be made until 20 days after notice to the Plan Confirmation Committee and to Debtor, and if an objection is filed with the Court prior to the payment date, payment may not be made until the Court approves the payment.

C.   Court Requirements for Amendment

In addition to changes that the Court requires to address objections raised by Debtor, the Court requires the Chapter 11 Trustee to make the following additional changes as a condition of plan confirmation, or to explain why they should not be made.

---

[10]  *See* paragraph 2 above.

1.  **Delete definition of Debtor-in-Possession.**

    Paragraph 1.30 defines "Debtor-in-Possession" to mean "Trustee". However, the term does not appear to be used elsewhere in the plan. And more important, the words mean different things and it is not clear what the effect of the definition would be. The Chapter 11 Trustee must either delete the definition or explain why it is necessary.

2.  **Amendment of Article 7.15.**

    The Chapter 11 Trustee must eliminate the language in Article 7.15, in bold, underscore font, that would require "non-Debtor family members" to assert an ownership interest in non-exempt assets, property of the estate, or forfeit any claim to the assets.

    The Chapter 11 Trustee is concerned about Debtor's assertion that his family members own a 10% interest in the LLC's. To date, Debtor has not listed those claims in his bankruptcy schedules and so far as the Court knows (despite a number of hearings involving the family members) they have not asserted an ownership interest.

    The Chapter 11 Trustee's concern is valid. Nevertheless, this chapter 11 plan is not a contested matter or an adversary proceeding that should adjudicate rights between the Chapter 11 Trustee and entities that have not filed proofs of claim or otherwise formally made appearances as parties in this case.

    It is clear from the remainder of the paragraph that the Plan reserves to the Plan Agent the right to assert avoidance actions or other actions to determine whether these family members have any ownership interest in non-exempt assets in which Debtor also owned an interest. The Chapter 11 Trustee may revise the language to clarify that intent or to make the language more explicit, if he wishes to do so. The Chapter 11 Trustee may also include language that authorizes or directs the Plan Agent to bring declaratory judgment or any other legal proceeding to determine ownership of any assets to which he asserts a right, although the Court believes that the Plan Agent would have that authority under other provisions of the Plan as currently written.

    The Court requires the modification because the Court does not believe that under the circumstances of this case the family members can be bound by a provision in a plan that purportedly causes them to forfeit an interest in property.

3.  **Amendment of paragraph 13.4.**

    Paragraph 13.4 must be amended to clarify that the Chapter 11 Trustee is not discharged of his obligations to perform the usual administrative tasks required after plan confirmation, such as filing a postconfirmation certificate, *etc.*

C.  <u>Confirmation requirements.</u>

Section 1129(a)(1)

The Court concludes that the plan complies with the applicable provisions of title 11.

Section 1129(a)(2)

The Court concludes that the plan proponent has complied with the applicable provisions of title 11.

Section 1129(a)(3)

The Court finds that the plan was proposed in good faith and not by any means forbidden by law.

Section 1129(a)(4)

The Court concludes that all payments for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, have been approved or are subject to the approval of the court.

Section 1129(a)(5)

The Court finds that Debtors have disclosed the identity and affiliation of individuals serving as control persons and others whose identity is required to be disclosed.

Section 1129(a)(6)

The Court finds that there are no applicable governmental regulatory commissions with jurisdiction over Debtor's rates who must approve provisions of the plan.

Section 1129(a)(7)

The plan is a liquidation plan. The Court concludes that all creditors will receive at least their liquidation value if the case were a chapter 7 case.

Section 1129(a)(8)

Each impaired class has accepted the plan.

Section 1129(a)(10)

At least one impaired class has accepted the plan.

Section 1129(a)(11)

The plan is feasible and it is not likely that there will be a need for liquidation or further reorganization.

Section 1129(a)(12)

The plan provides that required fees will be paid.

Section 1129(a)(13)

There are no retirement benefits applicable to this case.

Therefore, the Court concludes that all confirmation requirements are satisfied, conditional on amendment as set out above, and that the Plan will be confirmed if the amendments are proposed in a plan confirmation order to be provided by the Chapter 11 Trustee.

CONCLUSION AND ORDER FOR REVISED PLAN CONFIRMATION ORDER

The Debtor's continuing objections to confirmation are overruled except for those that the Court sustains and for which the Court requires amendments in this order. The Court further finds that the amendments required by this order and that all modifications previously proposed and addressed at the June 21 and 22 hearings are immaterial and do not adversely change the treatment of the claim of any creditor or the interest of any equity security holder. The disclosure previously provided under Bankruptcy Code § 1125 provides adequate information of the plan, as modified. Therefore, acceptances received prior to the modification shall be effective notwithstanding the modification. The Court will confirm the plan if the Chapter 11 Trustee chooses to make the additional modifications required by the Court in this order.

THEREFORE IT IS ORDERED THAT the Chapter 11 Trustee must prepare a proposed form of confirmation order and must circulate that form of order to counsel for the Internal Revenue Service and to counsel for Debtor. Counsel for the Chapter 11 Trustee should attempt to reconcile any differences with opposing counsel. If those differences can be resolved, all counsel must sign the order, approving it only as to form; counsel may reserve the right to appeal the order. If counsel can sign off on the form of order, it must be filed on or before June 28, 2006, with notice to the Court's case manager. If counsel cannot agree on the form of order, the

Chapter 11 Trustee must deliver a courtesy copy of his proposed form of order to chambers on June 29 and the Chapter 11 Trustee and any party objecting to the form of order must appear at a hearing on June 30, 2006, at 10:00 a.m.

SIGNED *June 26, 2006*

WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE