

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/25/2007

IN RE:
    ZOUHAIR HILAL; aka DANNY    §        CASE NO: 05-36909
HILAL                          §
        Debtor(s)          §
                                  CHAPTER  11

## MEMORANDUM OPINION GRANTING
## MOTION FOR PARTIAL SUMMARY JUDGMENT (doc # 744)

In 2002, Zouhair Hilal ("Debtor") filed a petition in the United States Tax Court for determination of his federal income tax liability for calendar years 1993 through 1997. The Tax Court dismissed Debtor's petition in 2004. In 2005, Debtor filed a voluntary petition commencing this bankruptcy case, and the United States ("IRS") filed a proof of claim for a number of tax years, including the years 1993 through 1997. Debtor filed an objection to the IRS proof of claim. The United States filed a motion for partial summary judgment arguing that the Court lacks jurisdiction to determine the amount and validity of Debtor's federal income tax liability for calendar years 1993 through 1997. The Court agrees that the determination of Debtor's federal income tax liability for 1993 through 1997 is *res judicata* and that this Court does not have jurisdiction over the determination of those taxes. Therefore by separate order issued this date the Court grants the IRS motion for partial summary judgment.

## I.    NO NEED FOR ORAL ARGUMENT

After the Court extended the time for Debtor to respond to additional exhibits filed by the IRS, Debtor did not request oral argument. The Court has considered the motion for partial summary judgment, responses, and exhibits. The Court concludes that oral argument is not necessary. The Court will rule from the pleadings.

## II.    FACTS

Except as otherwise indicated, the facts are undisputed.

On February 12, 2002, the IRS issued a statutory notice of deficiency for the Debtor for federal income taxes for calendar years 1993 through 1997. On May 13, 2002, Debtor petitioned the United States Tax Court for a redetermination of the IRS proposed deficiencies. The IRS filed an answer to Debtor's petition.

On April 1, 2004, Debtor's counsel filed a Motion to Withdraw from representing Debtor in the Tax Court. The Tax Court denied the motion. Debtor was represented by counsel throughout the Tax Court proceeding. In his opposition to the motion for partial summary judgment, Debtor asserts that his counsel wanted to withdraw because of inability to contact Debtor or to get Debtor's cooperation in prosecuting the case. Debtor asserts that he was

clinically depressed and unable to cooperate with counsel.  The IRS contends that Debtor was engaging in a manipulative strategy to avoid a determination of the tax liability.  While this disagreement may involve a question of fact, the fact is irrelevant.  That issue of fact is an issue for another tribunal.  The IRS is entitled to judgment as a matter of law in this Court for reasons set forth below.

The Tax Court case was called to trial on June 7, 2004; trial was continued to June 9, 2004.  Debtor's counsel appeared at the June 9, 2004, trial setting and advised the Tax Court that he had not had any contact with Debtor for approximately six months, and that he had nothing to present to the court.  On June 17, 2004, the Tax Court entered an Order of Dismissal and Decision dismissing Debtor's case for want of prosecution.  The Order determined the tax deficiencies, additions, and penalties.

Debtor filed a *pro se* Motion to Vacate Order of Dismissal and for New Trial on July 19, 2004.  The motion was denied on July 22, 2004.

On February 4, 2005, Debtor filed a petition commencing this bankruptcy case under Chapter 11 of the Bankruptcy Code.  On February 25, 2005, the IRS filed a proof of claim totaling about $25 million, part of which related to the tax deficiencies determined by the Tax Court.  On motion of the US Trustee, the Court ordered the appointment of a chapter 11 trustee on June 1, 2005.  On May 11, 2006, Debtor filed an objection to the IRS proof of claim.

On August 7, 2006, Debtor filed a motion with the Tax Court to vacate its decision and re-open his Tax Court case on the grounds that he was, at the time of the trial before the Tax Court and the years following, mentally incompetent.  The Tax Court denied Debtor's motion.  Debtor then appealed to the Fifth Circuit.  On June 25, 2007, the Fifth Circuit affirmed the Tax Court.

On August 2, 2007, the IRS filed a motion for partial summary judgment with respect to Debtor's objection to the IRS claim for federal income taxes for calendar years 1993 through 1997.  The IRS does not seek summary judgment with respect to tax years that were not the subject of the Tax Court case.

## III.   STANDARD FOR SUMMARY JUDGMENT

Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and that the law entitles it to judgment.[1]  Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[2]  Rule 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

---

[1] Fed. R. Civ. P. 56(c).
[2] *Celotex v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

All justifiable inferences will be drawn in the nonmovant's favor,[3] but conclusory affidavits will not suffice to create or negate a genuine issue of fact.[4]  Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[5]  Admissibility of evidence on a motion for summary judgment is subject to the standards and rules that govern evidence at trial.[6]

Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

> (e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for the trial.

## IV.   LEGAL ANALYSIS

A.    Jurisdiction and Bankruptcy Code § 505

The Bankruptcy Code vests a bankruptcy court with subject matter jurisdiction to determine the amount and validity of a tax assessment against a debtor unless "such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under [title 11.]"[7]

1.    Contested

Comments by both the House and Senate are identical as to what comprises a contested proceeding.

> [T]he bankruptcy court will not have jurisdiction to rule on the merits of any tax claim which has been previously adjudicated, in a contested proceeding, before a court of competent jurisdiction. For this purpose, a proceeding [sic] the United States Tax Court is to be considered "contested" if the debtor filed a petition in the Tax

---

[3] *See Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2513 (1986).
[4] *See Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986).
[5] *See Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. at 2511.
[6] *See Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1171 (2000).
[7] 11 U.S.C. § 505(a)(2)(A).

> Court by the commencement of the case and the Internal Revenue
> Service had filed an answer to the petition. Therefore, if a petition
> and answer were filed in the Tax Court before the title II [sic:
> should be "11"] petition was filed, and if the debtor later defaults in
> the Tax Court, then, under res judicata principles, the bankruptcy
> court could not then rule on the debtor's or the estate's liability for
> the same taxes.[8]

That legislative history fits almost exactly the facts of this dispute.  Debtor filed his petition in the Tax Court, the IRS filed its response, and the Tax Court ruled prior to the date that the Debtor filed his petition commencing this bankruptcy case.

     2.      Adjudicated

"A matter has been adjudicated when a judgment of a court of competent jurisdiction has been decreed."[9]  The Tax Court entered its Order of Dismissal and Decision, adjudicating the amount and validity of the taxes, and that judgment became final.

     3.      Competent Jurisdiction

The United States Tax Court is a court of competent jurisdiction.[10]

     4.      Before Bankruptcy

The Tax Court decision became final before the bankruptcy case was commenced.  On June 17, 2004, the Tax Court entered its decision.  Debtor filed his bankruptcy petition on February 4, 2005.

B.     Res Judicata

Even if debtor's earlier proceedings before the Tax Court did not deprive this court of jurisdiction, the rule of *res judicata* precludes relitigation of the matter.[11]

The federal rules of *res judicata* apply to this federal issue.[12]  "Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[13]

---

[8] 4 *Collier on Bankruptcy* ¶ 505.LH[3][a] (15th rev. ed.) (citing 124 Cong. Rec. H11, 110-11, 111 (daily ed. Sept. 28, 1978); S17, 426-17, 428 (daily ed. Oct. 6, 1978)) (emphasis added).

[9] *IRS v. Teal (In re Teal)*, 16 F.3d 619, 621 (5th Cir. 1994) (internal quotation omitted).

[10] *Teal*, 16 F.3d at 619; *In re Baker*, 74 F.3d 906; *see also Matter of Hammers*, 988 F.2d 32, 34 (5th Cir. 1993).

[11] Section 505(a)(2)(A) expresses in jurisdictional terms the traditional principle of res judicata.  *See*, *IRS v. Teal (In re Teal)*, 16 F.3d 619, 621 n. 3 (5th Cir. 1994).

[12] *Reimer v. Smith*, 663 F.2d 1316, 1326 n.10 (5th Cir. 1981).

[13] *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir.1999). *See also Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) ("*Res judicata* prevents litigation of all grounds for, or defenses to, recovery

*Res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.[14]

The parties now before the Court are identical to those in the Tax Court, the Debtor and the United States.

The Tax Court is a court of competent jurisdiction to determine federal income tax liability.

A dismissal for want of prosecution after a petition and answer are filed is a final judgment on the merits.[15]  In addition to dismissing the case for want of prosecution, the Tax Court order adjudicated the tax deficiency.[16]

Debtor seeks to have this Court determine his federal income tax liability for the years 1993-1997, the same years for which the Tax Court proceeding determined liability by its final order.

C.      Purpose of Bankruptcy Code § 505

Debtor argues that § 505 was enacted to protect the debtor and his creditors from tax liability if the debtor did not effectively contest the tax liability.  Debtor's emphasis on the effectiveness of the contest is overly narrow.  As stated in *City Vending of Muskogee, Inc. v. Oklahoma Tax Com'n*, § 505 effects two policies:  (i) prompt resolution of debtor's tax liability in the same forum that addresses the debtor's overall financial condition when that liability has not been determined prior to the bankruptcy proceeding, and (ii) protection of creditors from the dissipation of the estate's assets if the debtor was unable, due to his ailing financial condition, to contest the tax.[17]  *City Vending* held that a federal court does not have jurisdiction under § 505 "when the debtor has filed a contest in a court of competent jurisdiction (and that court's determination of tax has become final) even if the debtor's contest of the tax was incompetent. *City Vending* holds that the test of § 505 jurisdiction is whether there was a contest, and whether the decision in that contest has become final, not whether the contest was effectively prosecuted. In other words, the federal court has jurisdiction to determine a tax that was not previously determined; it does not have jurisdiction under § 505 to sit as an appellate court.

Debtor ignores  the jurisprudence enforcing the statutory limitation that § 505 does not apply unless the tax has not been adjudicated.  The federal court has no jurisdiction to revisit the tax liability under § 505 where the judgment is final.  The jurisprudence clearly states, as Debtor

---

that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").
    [14] *Southmark*, 163 F.3d at 934.
    [15] *Pena v. U.S.*, 883 F.Supp. 154, 157 (S.D. Tex. 1994) (citing *United States v. Rochelle*, 363 F.2d 225, 229 (5th Cir. 1966); Fed.R.Civ.P. 41(b)).
    [16] Docket # 744 (IRS motion for partial summary judgment) Exhibit 5.
    [17] *City Vending of Muskogee, Inc. v. Oklahoma Tax Com'n*, 898 F.2d 122 (10th Cir. 1990).

argues, that § 505 is designed to protect creditors, but the jurisprudence does not establish that the objective of protecting creditors is the only consideration; it does not prevail over all other legal principles and requirements of the statute.

The dispute in *In re Mantz*[18] involved a nonfinal judgment determining state sales tax. On the petition date, Mantz' tax dispute was still pending before a state board.  The 30-day period for a decision to become final had not yet expired, and the board had not yet ruled on Mantz' motion for rehearing.  The bankruptcy court had jurisdiction in *Mantz* because the motion for rehearing was still pending in state court; it had not become final.

*In re New Haven Projects LLC* recognized that protection of creditors is one of the aims of § 505. [19]  Even so, *New Haven* recognizes that this policy does not overcome the explicit limitations in the statute.  "If the amount or legality of a tax was contested before and adjudicated by any judicial or administrative tribunal of competent jurisdiction before the commencement of the bankruptcy case, then relief under Section 505 is not available."[20]  The reasoning is the same in *City of Amarillo v. Eakens*.[21]  *City of Amarillo* affirmed the bankruptcy court's conclusion that the bankruptcy court had the power to redetermine the assessments because the question of the amount and the legality of the taxes had not, prior to bankruptcy, been contested before or adjudicated by a judicial or administrative tribunal of competent jurisdiction; the bankruptcy court lacked authority to redetermine the assessments for the years that had been appealed.[22]  The cases simply do no support Debtor's contention.

D.      Mental Incompetency

Debtor alleges that he was incompetent during the proceedings before the Tax Court, and argues that the decision by the Tax Court is therefore voidable.  There is no issue of fact presented by that argument.  Even assuming the facts to be as Debtor contends, the IRS is entitled to judgment in this Court as a matter of law.

The proper court to address Debtor's argument is the court that rendered the judgment.  "[T]he mere mental incompetency of a person does not preclude a court from acquiring jurisdiction over his person, nor deprive it of the power to adjudicate his property rights… Such a judgment is merely voidable, good until set aside on <u>direct</u> attack.  Even then, the judgment will not be set aside unless, in addition to insanity and lack of representation, a meritorious defense is prima facie shown."[23]  Both Texas and federal authorities recognize that only void

---

[18] *In re Mantz*, 343 F.3d 1207 (9th Cir. 2003).

[19] *In re New Haven Projects Ltd. Liability Co.*, 225 F.3d 283 (2d Cir. 2000).

[20] *New Haven*, 225 F.3d at n.3.

[21] *City of Amarillo v. Eakens*, 399 F.2d 541 (5th Cir. 1968).  Although *City of Amarillo* is decided under the predecessor to § 505, Bankruptcy Act § 2a(2A), cases decided under the Bankruptcy Act are persuasive under the Bankruptcy Code where the language in the corresponding sections of the Act and the Code remain virtually unchanged.  Like § 505, the jurisdictional grant under § 2a required that the disputed tax item must not have been contested and adjudicated prior to bankruptcy.  *See*, 4 Collier on Bankruptcy ¶ 505.LH[1][b] (15th ed. rev.).

[22] *City of Amarillo*, 399 F.2d at 542.  *See also*, *In re Northwest*, 46 B.R. 631(Bankr. Ill. 1985) (Northwest was not the "indifferent" debtor which § 505 was enacted to protect, *res judicata* applies); *cf. In re Tapp*, 16 B.R. 315 (Bankr. Ala. 1981) (court would redetermine state court judgment rendered on default, Tapp never appeared, answered or in any way attempted to defend in the earlier action).

[23] *Scott v. U.S.*, 190 F.2d 134, 137 (5th Cir. 1951) (emphasis added).

judgments, not merely voidable judgments, may be collaterally attacked; and only judgments which show a jurisdictional defect on the face of the record are void.[24] The court that rendered a judgment is the place to assert that the judgment is voidable.

Debtor tried to assert the voidability of the judgment both before and after the filing of this bankruptcy case. Debtor failed each time. On July 16, 2004, Debtor filed a motion to vacate the Tax Court decision and for a new trial. The Tax Court denied the motion; Debtor did not appeal. Two years later, Debtor filed another motion to set aside the Tax Court decision; this time Debtor argued mental incapacity. Debtor argued to the Tax Court:

> Had Hilal's ability to make rational business and financial decisions not been impaired, the Court would have correctly exercised its discretion in dismissing the case. If, however, Hilal's conduct was caused by incapacity that was not previously disclosed to the Court, his counsel, or counsel for the I.R.S., then the action of this Court would be illegitimate where a party, due to his incapacity, was prevented from having his day in court. As such, dismissal was predicated on counsel for the Respondent and the Court acting on the mistaken belief that the Petitioner was competent to direct and control his litigation, when the Petitioner did not know whether he was legally incompetent. Such a decision against a person who is incapacitated and unable to make rational decisions is voidable, if an appropriate motion is brought in a timely manner, there is a proper showing that the person was not properly represented by a next friend or guardian ad litem, and that a meritorious claim or defense exists.[25]

The Tax Court denied Debtor's second motion to vacate its earlier decision. This time, Debtor filed an appeal in the Court of Appeals for the Fifth Circuit. The Fifth Circuit affirmed the Tax Court, holding that the Tax Court lacked jurisdiction to vacate its decision after it had become final.[26]

The precise statement of the Fifth Circuit is that "the tax court lacks jurisdiction to vacate that decision."[27] The Fifth Circuit cited *Davenport Recycling Associates v. Commissioner*.[28] *Davenport* elaborates:

> The Tax Court is a court of limited jurisdiction, and, unlike an Article III federal court, lacks general equitable powers…. The

---

[24] *Little v. Celebrezze*, 259 F.Supp. 9, 11 (D.C. Tex. 1966) (*citing Litton v. Waters*, 161 S.W.2d 1095 (Tex. Civ. App. 1942), err. ref.; *Pena v. Bourland*, 72 F.Supp. 290 (D.C. Tex. 1947)). *See also*, *Nolte v. State*, 854 S.W.2d 304 n.5 (Tex. App. – Austin 1993) ("A void judgment is one that may be collaterally attacked, while a voidable judgment must be attacked on direct appeal.").

[25] Government Exhibit #9, Motion to Set Aside Dismissal at p. 6-7.

[26] Government Exhibit #10, Fifth Circuit Opinion affirming decision of Tax Court to Deny Motion to Set Aside.

[27] Docket # 10, Government Exhibit # 10, p. 2.

[28] *Davenport Recycling Associates v. Commissioner*, 220 F.3d 1255 (11th Cir. 2000).

> authority of a court of limited jurisdiction to vacate final judgments
> has been narrowly construed.… However, narrow exceptions to
> this rule have been permitted when: (1) the decision is shown to be
> void or a legal nullity for lack of jurisdiction over either the subject
> matter or a party; (2) there has been fraud on the court; or (3) the
> decision was based on mutual mistake.[29]

Although the bankruptcy court has equitable powers, its equitable power does not extend beyond its jurisdiction.  And § 505 clearly limits the jurisdiction of a bankruptcy court by excluding taxes that have been previously adjudicated in a contested proceeding before a court of competent jurisdiction.  To paraphrase the Fifth Circuit:  "The … court may not exercise general equitable powers to assume jurisdiction where not provided by statute."[30]

Although Debtor's argument is thoughtfully made, at base the argument asks this court to review proceedings in the Tax Court.  That authority is simply beyond a bankruptcy judge's pay grade.

But even if Debtor's argument were presented to an Article III court with plenary equitable powers, the result would apparently be the same.  A federal court may not abrogate principles of *res judicata* out of equitable concerns; it must give *res judicata* effect to a prior judgment even if it would be voidable on appeal because of legal error.[31]

## V.   CONCLUSION

The United States motion for partial summary judgment is granted by separate order issued this date.

SIGNED 09/24/2007.

*Wesley W. Steen*

WESLEY W STEEN
United States Bankruptcy Judge

---

[29] *Davenport*, 220 F.3d at 1259 (citations omitted).
[30] *Hilal v. Commissioner*, No. 06-60862 p.4 (5th Cir. June 25, 2007) (citing *Buchine v. Comm'r*, 20 F.3d 173 (5th Cir. 1994)).
[31] *IRS v. Teal (In re Teal)*, 16 F.3d 619, 622 n. 6 (5th Cir. 1994).